The Honorable Edward F. Shea

Paul R. Cressman, Jr.
Russell S. King
SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000
Seattle, Washington 98104-4088
Telephone: (206) 682-3333
Facsimile: (206) 340-8856

Attorneys for Asia Pacific Environmental Technology, Inc.
and Hawaii Medical Vitrification, Inc.

Bart J. Freedman
Theresa L. Keyes
Preston Gates & Ellis LLP
601 West Riverside Avenue, Suite 1400
Spokane, WA 99201-0628
Telephone: (509) 624-2100
Facsimile: (509) 456-0146

Attorneys for Integrated Environmental Technologies, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ASIA PACIFIC ENVIRONMENTAL TECHNOLOGY, INC., a Hawaii corporation; and HAWAII MEDICAL VITRIFICATION, INC., a Hawaii corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTEGRATED ENVIRONMENTAL TECHNOLOGIES, LLC, a New York Limited Liability Corporation; and DOE DEFENDANTS 1-50,<br><br>Defendants. | NO. CV-05-5077-EFS<br><br>[Proposed]<br><br>STIPULATED PROTECTIVE ORDER |

STIPULATED PROTECTIVE ORDER - 1

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

K:\43307\00007\TLL\TLL_P217Z

1

## STIPULATION

2       The parties to this action (collectively the "Parties" or individually "Party"),

3   through their undersigned counsel of record agree that it would serve their

4   respective interests to conduct discovery under a protective order to avoid disputes

5   during the discovery process.

6       Therefore, to effectuate their agreement, the Parties stipulate to the

7   following:

8       1.      When used in this Stipulated Protective Order, "Information" means

9   all documents or other materials or media produced in response to discovery

10  requests or otherwise conveyed during this litigation.

11      2.      The Parties agree that, pursuant to this Stipulated Protective Order,

12  any Party or third party who produces Information in this litigation may designate

13  any Information as "Confidential" if they have a good faith belief that the

14  Information is or contains trade secrets or other confidential, proprietary, financial,

15  or commercially-sensitive information.

16      3.      The Parties agree that, pursuant to this Stipulated Protective Order,

17  any Party or third party who provides Information which is produced by that Party

18  or third party in this litigation may designate any Information as "Attorneys Eyes

19  Only" if they have a good faith belief that the Information is or contains trade

20  secrets or other confidential, proprietary, financial, or commercially-sensitive

21  information the disclosure of which to the requesting Party could result in financial

22  harm to the producing Party.

23      4.      The Parties agree that, except with the prior written consent of the

24  producing party, the attorneys and Parties herein shall use any Information or

25  deposition testimony designated by any party as "Confidential" only for purposes

26

STIPULATED PROTECTIVE ORDER - 2

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

K:\43307\00007\TLL\TLL_P217Z

1  of this action, and shall not disclose such Confidential Information, except as

2  otherwise provided herein, to any person other than:

3          a.    The Court and any persons employed by the Court whose duties

4  require access to any materials filed in connection with this action;

5          b.    Legal counsel for any Party in this action, their legal associates,

6  paralegals, clerical and other support staff assisting in the representation of

7  the Party to this action;

8          c.    The Parties to this litigation, their employees, officers and

9  directors whose duties require access to Information exchanged through

10  discovery in this action;

11          d.    Actual witnesses and potential witnesses in this action, and

12  their counsel, to the extent reasonably deemed necessary by counsel for the

13  witness's preparation for testimony;

14          e.    Outside consultants and experts (and their employees) retained

15  for the purpose of assisting in the prosecution and/or defense of this action;

16          f.    Court reporters;

17          g.    Mediators and / or Arbitrators that the Parties have agreed to

18  use in an effort to resolve or narrow the issues in this case; and

19          h.    Employees of copying and/or microfilming services utilized

20  with respect to this action for the prosecution or defense thereof.

21      5.    Prior to disclosure of any Information designated as "Confidential,"

22  any person included under subsections 4(d) and (e) shall agree in writing to comply

23  with this Order by executing a Certificate of Knowledge of and Compliance with

24  Stipulated Protective Order indicating that he or she has received and reviewed this

25  Stipulated Protective Order and agrees to be bound by its terms.  The Certificate

26  shall be in the form attached as Exhibit A.  If such person refuses to be bound by

STIPULATED PROTECTIVE ORDER - 3

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

K:\43307\00007\TLL\TLL_P217Z

1    the terms of the Stipulated Protective Order, no Confidential Information may be

2    shown to that person outside the context of a sworn deposition.  Deponents who

3    refuse to agree to the terms of this Stipulated Protective Order on the record may

4    be shown Confidential Information during the course of a deposition, but will not

5    be allowed to keep a copy of the Confidential Information or the transcript of the

6    deposition if the transcript recites, references, or describes the contents of the

7    Confidential Information.

8         6.    Information designated as "Attorneys Eyes Only" shall be treated in

9    the same manner as Information designated as "Confidential" with the additional

10   restriction that Information designated as "Attorneys Eyes Only" shall not be

11   disclosed to any person included under subsection 4(c) without the prior written

12   consent of the producing Party.

13        7.    Whenever a deposition taken on behalf of any Party involves the

14   disclosure of "Confidential" or "Attorneys Eyes Only" Information of either Party,

15   either Party may designate all or portions of said deposition as containing

16   "Confidential" or "Attorneys Eyes Only" Information.  Any such designation, and

17   the Information so designated, shall be made subject to the provisions of this

18   Stipulated Protective Order.

19        8.    Any Party may challenge the designation of Information as

20   "Confidential" or "Attorneys Eyes Only" by giving written notice that such Party

21   intends to challenge the designation by raising the issue with the Court.  Notice

22   must be made to the Party who produced the Information not less than fourteen

23   (14) days prior to filing any motion.  If, within ten (10) days after receipt of the

24   notice, the Party who produced the Information makes a written objection to the

25   Party giving the notice, the Information shall remain designated as "Confidential"

26   or "Attorneys Eyes Only" until this Court orders otherwise.  If timely written

STIPULATED PROTECTIVE ORDER - 4

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

K:\43307\00007\TLL\TLL_P217Z

1 objection is not made, the Party who produced the Information shall be deemed to

2 have waived any objection to the disclosure of the designated Information and the

3 Information may be treated as non-confidential without further order of the Court.

4      9.      With respect to any communications to the Court, including any

5 pleadings, motions or other papers, all documents containing "Confidential" or

6 "Attorneys Eyes Only" Information shall be communicated to the Court in a sealed

7 envelope or other appropriate sealed container on which shall be written the

8 caption of this lawsuit, an indication of the contents of the sealed envelope or

9 container, and the words "CONFIDENTIAL INFORMATION SUBJECT TO A

10 PROTECTIVE ORDER," and the Clerk of this Court is directed to maintain such

11 materials under seal.

12      10.     Inadvertent failure to designate any Information "Confidential" or

13 "Attorneys Eyes Only" shall not constitute a waiver of an otherwise valid claim of

14 confidentiality pursuant to this Stipulated Protective Order, so long as a claim of

15 confidentiality is asserted within fifteen days after the producing Party has noticed

16 the inadvertent failure to designate the Information as "Confidential" or "Attorneys

17 Eyes Only." At such time, arrangements shall be made by the Parties to designate

18 the Information "Confidential" or "Attorneys Eyes Only" in accordance with this

19 Stipulated Protective Order.

20      11.     Except as otherwise agreed in writing, at the conclusion of this action,

21 whether the action be settled, otherwise resolved in full prior to trial, or tried on the

22 merits, the obligations imposed by this Stipulated Protective Order shall remain in

23 effect. All copies of "Confidential" or "Attorneys Eyes Only" Information shall be

24 promptly returned to the producing Party upon request, or destroyed by agreement

25 of the Parties.

26

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

STIPULATED PROTECTIVE ORDER - 5

K:\43307\00007\TLL\TLL_P217Z

1    12.    Any person or entity receiving "Confidential" or "Attorneys Eyes

2    Only" Information under this Stipulated Protective Order who is then later served

3    with a subpoena for any such Information shall give counsel for the Parties at least

4    seven (7) days' notice (or reasonable notice if the time for compliance with the

5    subpoena is less than seven (7) days) before producing any such Information.

6    13.    Each person or entity to whom "Confidential" or "Attorneys Eyes

7    Only" Information is disclosed in accordance with provisions of this Stipulated

8    Protective Order hereby submits himself, herself, or itself to the jurisdiction of this

9    Court for the enforcement of this Stipulated Protective Order.

10   14.    The terms of this Stipulated Protective Order shall survive any

11   settlement, discontinuance, dismissal, severance, judgment, or other disposition of

12   this litigation, and the Court shall continue to retain jurisdiction to enforce the

13   terms of this Stipulated Protective Order.

14   The Parties, through their undersigned counsel of record, hereby stipulate

15   and agree to entry of this Stipulated Protective Order.

16   DATED this 11th day of August, 2005

17

18   PRESTON GATES & ELLIS          SHORT CRESSMAN & BURGESS

19   s/ Theresa L. Keyes            s/ Russell S. King
     Bart J. Freedman, WSBA No. 14187   Paul R. Cressman, Jr., WSBA No. 7128
20   bartf@prestongates.com         pcressman@scblaw.com
     Theresa L. Keyes, WSBA No. 24973   Russell S. King, WSBA No. 27815
21   theresak@prestongates.com      rking@scblaw.com
     Attorneys for Defendant, Integrated   Attorneys for Plaintiffs, Asia Pacific
22   Environmental Technologies, LLC   Environmental Technology, Inc., and
                                    Hawaii Medical Vitrification, Inc.
23

24

25

26

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

STIPULATED PROTECTIVE ORDER - 6

K:\43307\00007\TLL\TLL_P217Z

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**ORDER**

IT IS SO ORDERED. The Stipulated Motion for Protected Order [23] is GRANTED.

DATED: _August _15 2005.

s/ Edward F. Shea
_____
Honorable Edward F. Shea
United States District Judge

STIPULATED PROTECTIVE ORDER - 7

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

K:\43307\00007\TLL\TLL_P217Z

1    CERTIFICATE OF SERVICE

2        I hereby certify that on August 11, 2005, I electronically filed the foregoing

3    with the Clerk of the Court using the CM/ECF System which will send notification

4    of such filing to the following:

5        Paul R. Cressman, Jr. pcressman@scblaw.com;
         Russell S. King: rking@scblaw.com
6

7

8                              s/ Theresa L. Keyes
                                  Theresa L. Keyes
9                              theresak@prestongates.com
                               Attorneys for Plaintiff
10                             PRESTON GATES & ELLIS LLP
                               601 West Riverside Avenue,
11                             Suite 1400
                               Spokane, WA 99201-0628
12                             Telephone: (509) 624-2100
                               Facsimile: (509) 456-0146
13

14

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

STIPULATED PROTECTIVE ORDER - 8

K:\43307\00007\TLL\TLL_P217Z

1

## EXHIBIT A

2

Certification of Knowledge of and Compliance with Stipulated Protective Order

3

4

    I certify my understanding that confidential discovery materials and the

5

information contained therein will be provided to me pursuant to the terms and

6

restrictions of the Stipulated Protective Order issued in the action titled ASIA

7

PACIFIC ENVIRONMENTAL TECHNOLOGY, INC. and HAWAII MEDICAL

8

VITRIFICATION, INC. v. INTEGRATED ENVIRONMENTAL

9

TECHNOLOGIES, LLC, NO. CV-05-5077-EFS (U.S. District Court for the

10

Eastern District of Washington), and that I have been given a copy of and have

11

read the Stipulated Protective Order and agree to be bound by it. I understand that

12

such discovery materials, any copies, any notes or other memoranda, or any other

13

forms of information regarding or derived from those materials, including the

14

contents of those documents, shall not be disclosed to any person, except as

15

permitted under the Stipulated Protective Order, shall be used only for the purpose

16

of said proceedings, and shall be returned, if they are confidential pursuant to the

17

Stipulated Protective Order. I understand that I may not use or disclose any

18

confidential information subject to this Stipulated Protective Order for any reason

19

outside of the above-referenced lawsuit.

20

DATED:_____        (Signature)

21

22

_____

Print Name

23

24

25

26

STIPULATED PROTECTIVE ORDER - 9

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

K:\43307\00007\TLL\TLL_P217Z